IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DAVID WINBERG**, d/b/a
**UPTOWN RENTALS**,

    Plaintiff,

  vs.                                  No.    **CIV 02-1523 MCA/LAM**

**LANDMARK CONSTRUCTION CORPORATION**,
a South Dakota Corporation, General Contractor,
**STEVE THOMAS** and **GEORGE GREGORY**, d/b/a
Artisan, Subcontractor to Landmark Construction
Corporation, **ACSTAR INSURANCE COMPANY**,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Acstar Insurance Company's *Motion and Authorities to Dismiss Complaint for Lack of Jurisdiction and for Failure to State a Claim for Relief*, which is attached to Defendant Acstar's *Notice of Removal to United States District Court for the District of New Mexico* [Doc. No. 1] filed on December 4, 2002, and which was briefed in response to the *Order to Show Cause* [Doc. No. 5] filed on June 20, 2003. Having considered the pleadings of record, the relevant law, and otherwise being fully advised in the premises, the Court determines that Plaintiff's *Complaint for Quantum Meruit and Unjust Enrichment* does not state a claim on which relief may be granted pursuant to the Miller Act, 40 U.S.C. § 3131 to 3133 (West. Supp. 2003) (formerly codified at 40 U.S.C. §§ 270a through 270d). The Court further determines

that the Miller Act does not necessarily preempt Plaintiff's claims for quantum meruit or unjust enrichment under state law, and that a remand to the state court is required to address such state-law claims. Accordingly, Defendant Acstar's motion to dismiss is granted in part and denied in part; the *Order to Show Cause* is quashed; and this action is remanded to the Twelfth Judicial District Court of the State of New Mexico pursuant to 28 U.S.C. § 1447(c).

**I.     BACKGROUND**

Plaintiff David Winberg d/b/a Uptown Rentals filed this civil action in the Twelfth Judicial District Court of the State of New Mexico on September 6, 2002. Plaintiff's *Complaint for Quantum Meruit and Unjust Enrichment* seeks a judgment against Defendants, jointly and severally, in the amount of $8,624.81, plus post-judgment interest and an award of attorney fees and costs, to remedy Defendants' alleged failure to pay the complete amount due for the rental of equipment allegedly used by Defendant Artisan to perform services as a subcontractor on a federal construction project at Holloman Air Force Base in Otero County, New Mexico. According to Plaintiff's *Complaint*, Defendant Landmark Construction Company (Landmark) was the general contractor on that contract, and Defendant Acstar Insurance Company (Acstar) is the insurance company that issued performance and completion bonds relating to the contract.

Acstar filed an answer and a motion to dismiss in state court on December 2, 2002, and then removed this action to the United States District Court for the District of New Mexico on December 4, 2002. [Doc. No. 1.] The grounds for removal stated in Acstar's *Notice of Removal to United States District Court for the District of New Mexico* are that:

"Plaintiff's sole claim for relief against the Defendant Acstar Insurance Company, is for recovery under the payment bonds issued to the United States, as surety, for the prime contractor, Landmark Construction Corporation, which action is under the exclusive jurisdiction of this court pursuant to 40 U.S.C. § 270b." In its motion to dismiss, Acstar further asserts that Plaintiff's claims under the Miller Act must be dismissed because they were not filed within the one-year limitations period provided in 40 U.S.C. § 3133(b)(4) (formerly codified at 40 U.S.C. § 270b(b)).

On June 20, 2003, this Court issued an *Order to Show Cause* [Doc. No. 5] finding that the record did not reflect any action taken to prosecute the case since the filing of the complaint. In particular, the Court noted that no response to Acstar's motion to dismiss had been filed as of that date, and that the record did not reflect service of process on other Defendants within the 120-day period provided in Fed. R. Civ. P. 4(m).

Plaintiff responded to the *Order to Show Cause* on July 3, 2003, and incorporated his response to Acstar's motion to dismiss therein. [Doc. No. 6.] In his response, Plaintiff asserts that his *Complaint* contains no claim under the Miller Act for payment under any bond, and he acknowledges that "the limitations period under the Miller Act ran." Plaintiff contends, however, that his *Complaint* states claims under New Mexico law which are not barred by the Miller Act, and that, in the absence of any federal claim under the Miller Act, this action should be remanded back to state court.

3

**II.     ANALYSIS**

In determining whether Plaintiff's *Complaint* is sufficient to establish federal subject-matter jurisdiction, the Court construes Plaintiff's pleading liberally, accepts all uncontroverted, well-pleaded factual allegations as true, and views all reasonable inferences in Plaintiff's favor. See Stuart v. Colo. Interstate Gas Co., 271 F.3d 1221, 1225 (10th Cir. 2001). Unless it is shown that no re-drafting of the pleadings could cure the jurisdictional defect, a dismissal for lack of subject-matter jurisdiction generally is not a decision on the merits and, therefore, constitutes a dismissal without prejudice. See Fed. R. Civ. P. 41(b); Leaf v. Supreme Ct. of Wis., 979 F.2d 589, 595 (7th Cir. 1992).

Similarly, dismissal of a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir.1997) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir.1991). Accordingly, all well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party. GFF Corp., 130 F.3d at 1384.

"In addition to the complaint, the . . . [C]ourt may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not

dispute the documents' authenticity." Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002); accord GFF Corp., 130 F.3d at 1384.  The Court "'may also take judicial notice of matters of public record' without converting a 12(b)(6) motion into a motion for summary judgment." Henson v. CSC Credit Servs., 29 F.3d 280, 284 (7th Cir. 1994).

Applying this standard, Defendant Acstar correctly asserts that this action was not filed within the one-year limitations period provided in 40 U.S.C. § 3133(b)(4) (formerly codified at 40 U.S.C. § 270b(b)).  Further, Plaintiff has admitted that this one-year limitations period ran and that his *Complaint* does not seek to assert claims under the Miller Act.  Accordingly, Plaintiff's *Complaint* fails to state a claim upon which relief may be granted under the Miller Act, and any such claims are subject to dismissal at this juncture.

The dismissal of any claims under the Miller Act raises a jurisdictional issue that must be resolved before the Court may address whether sanctions are warranted for the delays in prosecuting this action that are articulated in the Court's *Order to Show Cause*.  The Miller Act provides the sole basis for federal jurisdiction asserted in Acstar's *Notice of Removal*. It follows that once the Miller Act claims are dismissed, this Court has no basis on which to exercise subject-matter jurisdiction, and the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c).  See United States ex rel. Tri-State Road Boring, Inc. v. United States Fidelity & Guaranty Co., 959 F. Supp. 345, 347-48 (E.D. La. 1996).

Acstar contends that such a remand is not warranted in this case because the Miller Act provides the exclusive remedy for Plaintiff's claims of quantum meruit and unjust enrichment. In effect, Acstar asserts that the Miller Act preempts Plaintiff's state-law claims

in this instance. Thus, according to Acstar, any claims for quantum meruit or unjust enrichment under state law are barred, and there are no remaining viable claims to remand to the state court.

The doctrine of federal preemption arises under the Supremacy Clause of the United States Constitution. U.S. Const. art. VI. Therefore, this Court may retain jurisdiction for the limited purpose of determining whether the Miller Act preempts Plaintiff's state-law claims for quantum meruit and unjust enrichment. See generally Qwest Corp. v. City of Santa Fe, 224 F. Supp. 2d 1305, 1312-13 (D.N.M. 2002) (explaining how the Supremacy Clause provides a basis for federal jurisdiction).

The Court acknowledges that there is disagreement among the circuits on whether or to what extent the Miller Act preempts a subcontractor or supplier from bringing suit under state law against a surety or other party involved in a federal construction project. See generally Jack E. Kerrigan & David C. Harris, "The Preemption Debate: What is the Scope of the Miller Act Remedial Scheme," Army Lawyer, Dec. 1998, at 1, 4-7. In the Tenth Circuit, however, the law is clear that: "Where neither a valid Miller Act nor mechanic's lien claim exists, other statutory or common law remedies may be available to an unpaid supplier." United States ex rel. Sun Collector Corp. v. Ins. Co. of N. Am., 695 F.2d 455, 458 (10th Cir. 1982). This conclusion is consistent with the legislative history of the Miller Act as well as recent precedents of the United States Supreme Court articulating the federal preemption doctrine. See Kerrigan and Harris, supra, at 8-13 (citing Medtronic, Inc. v. Lohr, 518 U.S. 470 (1996)).

For these reasons, the Court concludes that the Miller Act does not, as a matter of law, preempt or otherwise bar Plaintiff from asserting independent claims for quantum meruit or unjust enrichment under New Mexico law. The Court states no opinion as to whether Plaintiff has a viable claim under those state-law theories in this case, or whether any sanction should be imposed because of the delays in prosecuting this action articulated in the Court's *Order to Show Cause*. Those issues are for the state court to address on remand.

### III. CONCLUSION

For the foregoing reasons, any claims in Plaintiff's *Complaint* that arise under the Miller Act are dismissed, and this action is remanded to the Twelfth Judicial District Court of the State of New Mexico to determine whether Plaintiff has any remaining, independent claims for quantum meruit or unjust enrichment that are viable under state law.

**IT IS, THEREFORE, ORDERED** that Defendant Acstar Insurance Company's *Motion and Authorities to Dismiss Complaint for Lack of Jurisdiction and for Failure to State a Claim for Relief*, which is attached to Defendant Acstar's *Notice of Removal to United States District Court for the District of New Mexico* [Doc. No. 1] is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Plaintiff's claims under the Miller Act are **DISMISSED WITH PREJUDICE**, and

2. Plaintiff's state-law claims are **REMANDED** to the Twelfth Judicial District Court of the State of New Mexico.

**IT IS FURTHER ORDERED** that the *Order to Show Cause* [Doc. No. 5] is **QUASHED**.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Twelfth Judicial District Court of the State of New Mexico pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED** this 22nd day of December, 2003, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge